# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL QUINTERO,<br><br>  Petitioner,<br><br> v.<br><br>T. CAMPBELL,<br><br>  Respondent. | Case No. 1:23-cv-00174-JLT-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY<br><br>(ECF No. 19)<br><br>ORDER GRANTING PETITIONER EXTENSION OF TIME TO FILE TRAVERSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On February 1, 2023, Petitioner filed a federal petition for writ of habeas corpus in this Court challenging his 2018 Kern County Superior Court convictions for voluntary manslaughter and assault. (ECF No. 1 at 1.)[1] On May 3, 2023, Respondent filed an answer. (ECF No. 14.) The Court has granted Petitioner three extensions of time to file his traverse,[2] which is currently due on January 8, 2024. (ECF Nos. 16, 18, 21.)

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court has granted two 45-day and one 60-day extension of time.

1

1  On October 30, 2023, Petitioner filed the instant motion requesting the Court stay the
2 petition because: (1) Petitioner lacks legal assistance and has limited access to the law library;
3 and (2) Petitioner's ongoing resentencing hearing pursuant to California Penal Code sections
4 1172.1 and 1172.6 and Senate Bill 1437. (ECF No. 19 at 4.) On November 17, 2023, Respondent
5 filed an opposition, arguing that neither reason merits a stay because the current state post-
6 conviction proceedings will not resolve all of Petitioner's federal claims. (ECF No. 22 at 1.) No
7 reply has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

A "district court had the inherent authority to stay federal proceedings pursuant to its docket management powers." Ernest Bock, LLC v. Steelman, 76 F.4th 827, 842 (9th Cir. 2023), petition for writ of cert. filed, sub nom. Steelman v. Ernest Bock, LLC, No. 23-308 (Sept. 22, 2023). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Nken, 556 U.S. at 433 (alteration in original) (quoting Virginian R. Co., 272 U.S. at 672–73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433–34.

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay":

> (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law."

Steelman, 76 F.4th at 842 (quoting Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005)). Additionally, the Ninth Circuit has recognized that "habeas proceedings implicate special

considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy" Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000). "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Yong, 208 F.3d at 1120 (some quotation marks omitted) (quoting Fay v. Noia, 372 U.S. 391, 400 (1963)). "Consequently, although a short stay may be appropriate in a habeas case to await a determination in a parallel case in the same court, or to allow a state to prepare for a retrial of a successful petitioner," the Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." Yong, 208 F.3d at 1120 (citations omitted).

Respondent argues that a stay is not warranted because "Petitioner will suffer no hardship from going forward with the case, given his demonstrated ability to obtain extensions of time to file briefing," "any delay in the resolution of this case would delay Petitioner's release, should he be successful on any of his claims," and the "state court proceedings will not simplify Petitioner's federal case" because even if Petitioner were to have his manslaughter conviction vacated, "Petitioner's habeas challenges apply equally to his convictions for assault with a firearm" and thus, "there is not a likelihood that the resolution of the state court proceedings will extinguish his federal claims." (ECF No. 22 at 3.)

Here, as noted by Respondent, judicial economy will not be served by a stay because Petitioner's habeas claims apply to both his manslaughter and assault convictions. The state resentencing proceeding will only affect Petitioner's manslaughter conviction and thus, will not simplify or extinguish Petitioner's federal habeas claims. Additionally, a stay is not warranted based on Petitioner's lack of legal assistance or limited access to the law library given that Petitioner previously has requested, and the Court has granted, extensions of time so that Petitioner can prepare his traverse. Accordingly, the Court finds that Petitioner has not satisfied his burden of establishing that a stay is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To

determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Here, denying a stay "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought." Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted). Accordingly, the Court has authority to deny Petitioner's motion to stay.

### III.
### ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to stay (ECF No. 19) is DENIED; and

2. Petitioner is GRANTED thirty (30) days from the date of service of this order to file his traverse.[3]

IT IS SO ORDERED.

Dated: **January 8, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[3] If additional time is needed, Petitioner should file a motion for extension of time that the Court will consider in due course. The Court notes, however, that Petitioner has been granted two 45-day, one 60-day, and now a 30-day extension of time. Although Petitioner *may* file a traverse, it is not *required*, and the commentary to the rules governing habeas corpus proceedings in the district courts have acknowledged that "[i]n actual practice, the traverse tends to be a mere pro forma refutation of the [answer], serving little if any expository function." Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254, advisory committee's note to 1976 adoption.

4